FOR PRINT PUBLICATION



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GLENDA SPOON,<br><br>*Plaintiff*,<br><br>v.<br><br>THE FANNIN COUNTY COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT, LAURINE BLAKE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY, RICHARD GLASER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AND DEBRA ROBERTS, IN HER INDIVIDUAL AND OFFICIAL CAPACITY,<br><br>*Defendants*. | Case No. 4:10-cv-00556 |

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO REMAND AND DENYING OTHER MOTIONS**

Before the court are the following matters: (1) Plaintiff Glenda Spoon's "Motion to Remand" (Dkt. 9), along with responses, replies and surreplies; (2) Spoon's request for fees (Dkt. 9); and (3) Spoon's "First Amended Motion for Leave to File Surrebuttal to Defendants' Surreply to Plaintiff's Motion to Remand" (Dkt. 17). For the reasons discussed below, Spoon's motion to remand is **GRANTED**; her other two motions are **DENIED**.

**I. Background**

Until she was fired on June 23, 2010, Spoon was a probation officer with the Fannin County Community Supervision and Corrections Department (FCCS). Spoon alleges that she was fired because she reported to Defendant Richard Glaser, the Fannin County Criminal District

Attorney, that several state laws were being violated within FCCS. Spoon's lawsuit, which was filed in state court on September 20, 2010, includes claims under the Texas Whistleblowers Act, the First Amendment to the U.S. Constitution, and 42 U.S.C. §§ 1983 and 1985. *See* Dkt. 2. On October 18, 2010, Defendants FCCS, Laurine Blake, and Debra Roberts (the removing Defendants) filed a notice of removal in this court (Dkt. 1).

**II. Spoon's Motion to Remand**

On November 12, 2010, Spoon filed the instant motion to remand (Dkt. 9). The basis for Spoon's motion is an alleged procedural defect in the Defendants' removal of this case. The procedure governing removal is found in 28 U.S.C. § 1446. Under Section 1446(b), notice of removal must be filed within thirty days of a defendant's receipt of service. While not stated explicitly in the statute, in cases with multiple served defendants, all defendants must consent to removal prior to the expiration of the thirty day period. *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002).[1] This requirement is frequently referred to as the "rule of unanimity." The Fifth Circuit has further established that the thirty day period starts to run as soon as the first defendant is served. *Getty Oil Corp. v. Ins. Co. of North Amer.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). If the removing parties fail to comply with the rule of unanimity, or any other procedural requirement for removal, the plaintiff may move for remand within thirty days of removal. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal .

---

[1]There are a few narrow exceptions to the rule that all served defendants must join in the removal, but because they have not been urged by the Defendants, the court will not address them. *See Moody v. Commercial Ins. Co. of Newark, New Jersey*, 753 F.Supp. 198, 200 (N.D. Tex. 1990).

. . .").

Spoon's motion argues that the Defendants' removal lacks unanimity because Defendant Glaser did not sign the notice of removal (Dkt. 1), nor did he file anything within the thirty day notice period indicating his consent to the removal. Therefore, Spoon argues, the removal is defective and the case must be remanded to state court. The Defendants respond by arguing that Spoon's argument is "hyper-technical," Dkt. 10, § 1 (Glaser's response), and they point to the following statement in the notice of removal as sufficiently demonstrating unanimous consent for removal:

> "The removing Defendants have obtained written consent to this removal from the remaining Defendant, Mr. Richard Glaser, who has been served and who joins in this removal."

Dkt. 1 at ¶ 9. The Defendants further rely on a letter that Glaser's counsel sent to counsel for the removing Defendants shortly before the notice of removal was filed, which stated that Glaser "consents to and joins in the intended removal [and that] [b]ased on our discussions, you will file the removal documents." Dkt. 10-2. The letter was not filed with the court until Glaser attached it as an exhibit to his response to Spoon's motion to remand, after the thirty day notice period had expired. *Id.* For the following reasons, the court agrees with Spoon and finds that Glaser failed to properly consent to the removal.

The court first notes that "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotation and citation omitted). "District courts have no power to overlook procedural errors relating to the notice of removal; instead, a district court must remand a case which was removed

pursuant to a procedurally defective notice." *Harden v. Field Mem. Cmty. Hosp.*, 516 F.Supp. 2d 600, 606 (S.D. Miss. 2007) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "'[T]he view that technical flaws in a removal petition can be swept away . . . seriously misunderstands the conditions under which the formidable power of the federal judiciary can—and should—be invoked . . . . These considerations are certainly more substantive than the simplistic notion that procedural flaws should be overlooked merely because they are procedural." *Smith v. Union Nat'l Life Ins. Co.*, 187 F.Supp. 2d 635, 645-46 (S.D. Miss. 2001) (quoting *Prod. Stamping Corp. v. Maryland Cas. Co.*, 829 F.Supp. 1074, 1077-78 (E.D. Wis. 1993)). Accordingly, the court rejects the notion that the argument underlying Spoon's motion to remand is "hyper-technical." *See* Dkt. 10, § 1.

As the parties seem to acknowledge in their briefs, the starting point for analyzing this dispute is the Fifth Circuit's decision in *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d. 1254 (5th Cir. 1988). Plaintiff Getty Oil brought a state court suit against Insurance Company of North America (INA), Companies Collective, and NL Industries, Inc.. After INA filed a timely notice of removal to federal district court, Getty Oil moved to remand the case, arguing that NL had not joined in the removal petition until fifty-one days after the first defendant in the case had been served, well after expiration of the thirty day notice period. In response, INA argued that the timeliness of NL's eventual joinder did not matter because NL had in fact consented to removal at the time INA submitted its original notice of removal, and that the notice expressly asserted that NL did not oppose and consented to the removal. The Fifth Circuit rejected INA's argument, stating:

> But while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must

> sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.

*Id.* at 1262 n.11. The court then found that because NL had not signed the original notice, and the notice did not allege that NL had authorized INA to "formally (or otherwise) represent to the court on behalf of NL that NL had consented to the removal," the notice lacked NL's consent to remove. Finally, because NL's eventual joinder and consent to removal was filed after the thirty day period, the court held that, absent exceptional circumstances not before the court, the defendants' removal was defective.

The Defendants in this case suggest that the instant removal satisfies the *Getty Oil* standard because even though Glaser did not sign the notice of removal, the notice explicitly states that the removing Defendants had received written confirmation from Glaser that he consented to and joined in the removal. The court finds that the Defendants have misconstrued *Getty Oil*. The dispositive factor in *Getty Oil* was not what the notice of removal stated or what communication the removing defendant may have received from the non-removing defendant. Rather, the dispositive factor was what *the district court had not received* from the non-removing defendant, i.e. the district court had not received a "timely filed written indication" from the non-removing defendant "itself" on which the court could "bind the allegedly consenting defendant." *Id.* at 1262 n.11. A survey of district court decisions from within the Fifth Circuit confirms this view of *Getty Oil*.

In *Cornella v. State Farm & Cas. Co.*, No. 10-1169, 2010 WL 2605725 (E.D. La. June 22, 2010) (Engelhardt, J.), the plaintiffs filed a state court suit against State Farm and Eli

Trucking Corp. State Farm filed a timely notice of removal stating that "Eli Trucking Corp. has been contacted, through its counsel of record [who] has indicated that Eli Trucking Corp. consents to this removal." *Id.* at *2. The court found that "in keeping with the precedent of *Getty Oil* and its recent interpretations, State Farm's allegation that Eli consented to the Notice of Removal does not satisfy the requirements of section 1446 [because] Eli failed to independently and unambiguously file their notice of consent to join in the removal." *Id.* (internal quotation and citation omitted). Accordingly, the court remanded the case to state court.

In *Taco Tico of New Orleans, Inc. v. Argonaut Great Cent. Ins. Co.*, No. 09-3502, 2009 WL 2160436 (E.D. La. July 16, 2009) (Africk, J.), the plaintiff filed a state court suit against Argonaut and Essex Insurance Co. Argonaut filed a timely notice of removal stating that "[c]ounsel for Essex has been contacted and has consented to the removal of this matter." *Id.* at *1. Argonaut argued that "Essex did, in fact, give its consent as demonstrated by the petition for removal and an email sent from counsel for Essex to counsel for Argonaut." *Id.* The court rejected Argonaut's argument, finding that "[a] bare allegation contained within a petition that a co-defendant consents to a removal is insufficient to fulfill the requirements of *Getty Oil* [because] [s]uch an allegation does not lead the Court to conclude that Essex has actually authorized Argonaut to represent its consent to the Court." *Id.* at *2. Accordingly, the court remanded the case to state court.

In *Extreme Outdoors Ltd., Inc. v. Gary Yamamoto Custom Baits, Inc.*, No. H-08-1259, 2008 WL 2810874 (S.D. Tex. July 21, 2008) (Rosenthal, J.), the plaintiffs filed a state court suit against several defendants, many of whom filed a notice of removal stating that "[a]ll other defendants who have been served with summons consent to the removal of this case to federal

court." *Id.* at *5. The court found that the notice was insufficient because "[u]nder *Getty*, such a statement, without more, is insufficient to show all the defendants' 'actual joinder in or consent to the original removal petition.'" *Id.* (quoting *Getty Oil,* 841 F.2d at 1262 n.11). The court further explained that the notice was inadequate because it did "not contain either a written statement from the codefendants consenting to removal or a written statement that the codefendants authorized the removing defendant to represent their consent to the court." *Id.* Accordingly, the court remanded the case to state court.

In *Snead v. Woodbine Prod. Corp.*, No. 08-1301, 2008 WL 4610236 (W.D. La. Oct. 11, 2008) (Stagg, J.), the plaintiffs filed a state court suit against Woodbine and EOG Resources, Inc. EOG Resources filed a timely notice of removal stating that "[u]ndersigned counsel contacted counsel for Woodbine and obtained its consent to removal." *Id.* at *1. The court found that the notice of removal was inadequate:

> EOG Resources did not make any timely allegations that Woodbine had authorized EOG Resources to formally or otherwise represent to this court that Woodbine had consented to removal, and there is nothing in the notice of removal that would so much as hint at a basis for binding Woodbine to any statement in the notice.

*Id.* at *2. Accordingly, the court remanded the case to state court.

In *Hammonds v. Youth for Christ USA*, No. CIVA SA05CA-0531-FB, 2005 WL 3591910 (W.D. Tex. Aug., 16, 2005) (Biery, J.), the plaintiff filed a state court suit against Youth for Christ USA and CNIC Health Solutions. Youth for Christ USA filed a timely notice of removal stating that "[w]e have conferred with counsel for Defendant CNIC Health Solutions, Norman E. Snyder, Jr. of Tucker Taunton Synder [sic] & Slade, 10370 Richmond Avenue, Suite 1400, Houston, Texas 77042 and they are in agreement with this removal." *Id.* at *3. The court held

that "[s]uch a statement signed only by counsel for the removing defendant is insufficient to fulfill the 'procedural requirements of the removal statutes.'" *Id*. The court reasoned that because CNIC had not filed anything with the court within the thirty day notice period in which it "formally authorized Youth for Christ USA to represent its consent to the Court," the notice of removal was defective and the case must be remanded. *Id.* at *4.[2]

In *Martinez v. Entergy Corp.*, No. Civ.A. 04-1027, 2004 WL 2661815 (E.D. La. Nov. 19, 2004) (Lemmon, J.), the plaintiffs filed a state court suit against Entergy Corp., Monsanto Co., and several others. Monsanto filed a timely notice of removal stating that "all of the other properly joined and served defendants have consented to, and joined in, this removal. Defendants Entergy Corp., Cleco Corp. and TJH2B Analytical Services, Inc. have verbally and in writing consented to and joined in the removal." *Id.* at *1. The court held that "it was insufficient for Monsanto to merely represent in its removal notice that the other served defendants consented." *Id.* at *2. The court also found that Rule 11 of the Federal Rules of Civil Procedure does "not authorize one party to make representations or file pleadings on behalf of another." *Id.* (quotation and citation omitted). Accordingly, the court remanded the case to state court.

Finally, in *Aucoin v. Gulf S. Pipeline Co.*, No. Civ.A. 04-879, 2004 WL 1196980 (E.D.

---

[2]Counsel for the removing Defendants attempt to distinguish *Hammonds* from the instant case, arguing that, unlike that case, before filing the notice of removal, the removing Defendants in this case received written authorization from Glaser's counsel to file the notice on his behalf. The court finds this argument unpersuasive. The court first notes that the *Hammonds* decision does not rule out that such a writing existed in that case. But more importantly, even if such a writing had been present, because it was not filed with the court within the thirty day notice period, the court's resolution of the matter would not have been affected. The focus of the court's holding was the lack of anything on which the court could bind CNIC. The court is faced with the same problem in this case.

La. May 26, 2004) (Barbier, J.), the defendants from two consolidated cases filed notices of removal, neither of which were signed by all served defendants. Rather, each notice contained the following averment: "All properly joined and served defendants consent to the removal of this matter." *Id.* at *1. The court found that the notices of removal were defective:

> While the removing defendants have alleged the consent of other defendants in each Notice of Removal, and while the non-removing defendants now seek to submit evidence that they did in fact consent prior to removal, the fact remains that in neither case was there any written filing in this court prior to the expiration of the thirty-day limit that satisfactorily indicates the consent of all defendants to removal.

*Id.* at *2. Accordingly, the court remanded both cases to state court.

*See also Johnston v. Bilal*, No. 08-5235, 2009 WL 981696 (E.D. La. April 13, 2009) (Africk, J.); *Gipson v. Wal-Mart Stores, Inc.*, No. H-08-2307, 2008 WL 4844206 (S.D. Tex. Nov. 3, 2008) (Rosenthal, J.); *Taylor v. B & F Corporate Benefits, Inc.*, No. 3-05CV0553BD, 2005 WL 1383160 (N.D. Tex. June 10, 2005); and *Smith v. Union Nat'l Life Ins. Co.*, 187 F.Supp. 2d 635, 642 (S.D. Miss. 2001) ("Requiring an independent statement of consent from each defendant ensures that the Court has a clear and unequivocal basis for subject matter jurisdiction before taking the serious step of wrestling jurisdiction from another sovereign.") (quotation and citation omitted).

Thus, *Getty Oil,* and footnote eleven in particular, and its progeny hold that to properly establish consent to removal, a defendant who does not sign an original notice of removal cannot rely solely on a representation of its consent from removing defendants or on any communication between the defendants not timely filed with the court. Rather, the removing defendants must also at a minimum unambiguously state that they have been authorized to represent to the court on behalf of the non-removing defendant that the non-removing defendant has consented to the

removal.

In addition to suggesting that removal was proper under *Getty Oil*, Defendant Glaser argues that his post-removal activity before this court—specifically, his filing of a motion to dismiss (Dkt. 3)—is sufficient evidence of his consent to the removal. District courts within this circuit have rejected the same argument. In *Woodbine Production*, as discussed above, the only evidence that defendant Woodbine had consented to removal was a statement in the removing defendant's notice of removal that Woodbine had consented. In addition to finding that statement insufficient evidence of Woodbine's consent, the court also considered whether Woodbine's timely answer to the plaintiff's complaint in federal court, which contained no objection to removal, was sufficient evidence of consent. The court held that it was not, finding that "[s]ince each defendant must consent to removal officially, affirmatively and unambiguously, it stands to reason that the mere filing of an answer does not constitute a sufficient expression of consent."*Id.* at *2 (internal quotation and citation omitted). Similarly, the court in *Granderson v. Interstate Realty Mgmt. Co.*, No. 5:06cv100-DCB-JMR, 2006 WL 3422359 (S.D. Miss. Nov. 27, 2006) held that, unless it contained an unambiguous statement of consent to removal, "the mere filing of an answer is hardly a clear, unambiguous expression of consent." *Id.* at *2 (internal quotation and citation omitted). These holdings are consistent "with the principle that the right to remove is purely statutory, and that any ambiguities are to be strictly construed in favor of remand." *Spillers v. Tillman*, 959 F.Supp. 364, 372 (S.D. Miss. 1997). The court agrees with the reasoning of these decisions.

Therefore, in keeping with *Getty Oil* and its progeny, because the court was not given anything within the notice period on which to bind Glaser to the removal, the court finds that he

failed to adequately consent to the removal. The court also finds that Glaser's post-removal activity before this court is insufficient evidence of his consent to removal. Accordingly, due to the lack of unanimity in the removal, the court finds its appropriate to **GRANT** Spoon's motion to remand.

### III. Spoon's Request for Fees

Spoon has requested an award for attorney fees and costs incurred as a result of having to file and litigate her motion to remand. *See* Dkt. 9, pg. 7-8. Title 28 U.S.C. § 1447(c) authorizes the court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The U.S. Supreme Court has clarified that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Because the record before the court does not show that the Defendants' arguments were objectively unreasonable, Spoon's motion for fees is **DENIED**.

### IV. Spoon's Motion for Leave to File Surrebuttal

After the Defendants filed their surreplies to Spoon's motion to remand, Spoon filed a motion for leave to file a surrebuttal (Dkt. 17). Under Local Rule CV-7(f), a party must seek leave of court to file any briefing beyond a surreply. The removing Defendants oppose Spoon's motion, arguing that the surrebuttal is unnecessary and that the briefing already before the court is sufficient.[3] Because the court did not consider Spoon's surrebuttal in shaping its ruling, the court finds that her motion for leave to file is moot. Accordingly, the motion is **DENIED**.

---

[3] Defendant Glaser did not file a response to Spoon's motion for leave to file a surrebuttal.

## V. Conclusion

For the foregoing reasons, Spoon's motion to remand (Dkt. 9) is **GRANTED**, her request for fees (Dkt 9) is **DENIED**, and her motion for leave to file a surrebuttal (Dkt. 17) is **DENIED**. Accordingly, this case is remanded to the 336th Judicial District Court of Fannin County, Texas. **IT IS SO ORDERED.**

**SIGNED this the 30th day of June, 2011.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE